UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANCISCO M. VAZQUEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-283-HAB-SLC |
| ALLEN COUNTY JAIL, et al., | |
| Defendants. | |

## OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint against Allen County Jail, Sheriff Hershberger (misspelled Hershenberger), and Commander David Butler. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Vazquez states that, on June 28, 2023, he was placed in cell H13, a twelve foot by twelve foot cell at the Allen County Jail, with twenty-three other inmates to attend court proceedings via video. ECF 1 at 2. He was in cell H13 from 7:00 a.m. to 11:30 a.m. and each inmate had about one square foot of space. *Id*. Mr. Vazquez asked for a mask, but none were available. *Id*. Given the close proximity of the inmates, he asserts he had

no choice but to breathe in the germs of other inmates. *Id*. Mr. Vazquez says he was not able to use a bathroom or drink water while he was in cell H13. *Id*.

Because Mr. Vazquez is a pre-trial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). It has long been recognized that detainees are entitled to "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (citation omitted). Detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food, ventilation, sanitation, bedding, hygiene materials, and utilities. *See id.* "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). The conditions Mr. Vazquez allegedly endured for four and one-half hours on June 28, 2023, do not amount to punishment. To the extent he alleges each of the twenty-three inmates had access to one square foot of space in cell H13, it is unclear how he arrived at that calculation.

Furthermore, Mr. Vazquez has sued Sheriff Hershberger and Commander Butler. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and high-ranking

officials cannot be held liable for damages simply because they oversee operations at the jail or supervise other jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no indication that Sheriff Hershberger or Commander Butler had any personal involvement in the events underlying the complaint.

Likewise, Mr. Vazquez names the Allen County Jail as a defendant, but this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he has not asserted claims against these three defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 3, 2023.

                                                               s/Holly A. Brady
                                                          CHIEF JUDGE HOLLY A. BRADY
                                                          UNITED STATES DISTRICT COURT